**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Elkins**


**JOEL ROSENTHAL**,

        Plaintiff,

    v.                                 **Civil Action NO. 2:08-CV-81**
                                           **(Judge Bailey)**
**FRANK JEZIORO**, Director, West
Virginia Division of Natural Resources,
**MIKE PIZZINO**, Captain, West Virginia
Division of Natural Resources,
**HOWARD SHINABERRY**, Conservation
Officer, West Virginia Division of Natural
Resources, **SEAN DUFFIELD**, Conservation
Officer, West Virginia Division of Natural
Resources, and **WILLIAM VALENTINO**,
Attorney, West Virginia Attorney General's
Office,

        Defendants.


## MEMORANDUM OPINION AND ORDER

      Pending before this Court are the Motion to Dismiss filed by defendant William Valentino (Doc. 4), the Motion to Dismiss filed by defendant Frank Jezioro (Doc. 6), and the Motion to Dismiss filed by defendants Mike Pizzino, Howard Shinaberry, and Sean Duffield (Doc. 8). Inasmuch as the three motions raise similar issues, the Court will address them together.

      This action was originally filed in the Circuit Court of Pocahontas County, West Virginia, by Joel Rosenthal, the president and operator of Point of View Farm, Inc., a non-profit charitable organization established as an animal sanctuary. According to the

Complaint filed in the Circuit Court, Point of View Farm enjoys tax exempt status under § 501(c)(3), and obtained a business license for the "care and preservation of abandoned and needy wildlife."

According to the allegations of the Complaint, on Sunday, May 29, 2005, the plaintiff received an orphan deer fawn. Thereafter, on or about May 31, 2005,[1] acting upon information that the plaintiff had a fawn in his possession, defendant Shinaberry entered upon the plaintiff's property and conducted a warrantless search, finding nothing illegal. The next day, defendant Duffield again entered upon the plaintiff's property without a search warrant. When confronted by the plaintiff and challenged to produce a search warrant, defendant Duffield became indignant, agitated, and hostile toward the plaintiff.

On August 9, 2005, defendant Duffield filed criminal charges against the plaintiff for illegal possession of wildlife. After two trials in Pocahontas County Magistrate Court and two appeals to the Circuit Court of Pocahontas County, the Circuit Court ruled on June 14, 2007, that "[t]he Defendant's business license and the issued Certificate of Authority provide him with the requisite and necessary authority to be considered a 'duly authorized agent' to whom Chapter 20, Article 2, Section 4 of the West Virginia Code is explicitly held inapplicable."

Despite the ruling of the Circuit Court, defendant Valentino wrote to the plaintiff on July 2, 2007, which indicated that the Division of natural Resources would not abide by the ruling of the Circuit Court of Pocahontas County, demanded that the plaintiff cease and desist from assisting abandoned and needy wildlife, and threatened criminal prosecution

---

[1] The Complaint alleges June 31, 2005, a date which foes not exist, but this date is corrected in plaintiff's Response to Defendants' Motions to Dismiss (Doc. 16).

if the plaintiff did not do so.

Thereafter, the State of West Virginia filed a Petition for a Writ of Prohibition against the Circuit Court Judge in the West Virginia Supreme Court of Appeals. Oral argument on the Petition was held before the West Virginia Supreme Court on January 8, 2008. On January 11, 2008, the Supreme Court dismissed the case as improvidently granted, leaving intact the ruling of the Circuit Court of Pocahontas County.

Despite the foregoing, on January 25, 2008, defendant Jezioro issued a cease and desist order ordering the plaintiff to cease and desist from providing care and/or rehabilitation to wildlife at Point of View Farm. The cease and desist order received publicity through a newspaper article.

Based upon the foregoing, the plaintiff filed this action in the Circuit Court of Pocahontas County on July 7, 2008. The defendants removed the action to this Court based upon federal question jurisdiction in that the Complaint herein alleges, inter alia, a violation of the United States Constitution. The present Motions to Dismiss were then filed.

Inasmuch as the plaintiff filed this action *pro se* this Court is required to construe the pleadings liberally. In ***Burris v. State Department of Public Welfare of S. C.***, 491 F.2d 762 (4th Cir. 1974), the Fourth Circuit held that when a plaintiff sued the South Carolina Department of Public Welfare alleging that his application for welfare was denied without a hearing but failing to allege a jurisdictional amount or other basis for federal jurisdiction, the district court should have apprised his counsel of the availability of 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3). The Court also recognized that the named defendant was probably not a "person" within the meaning of § 1983, but directed the district court to consider the case on its merits "assuming that the complaint is amended to come within

these statutes." 491 F.2d at 763. *See also **Gordon v. Leake***, 574 F.2d 1147 (4th Cir. 1978) and ***Johnson v. Mueller***, 415 F.2d 354 (4th Cir. 1969).

In construing the Complaint in this case, this Court finds that the plaintiff asserts a federal claim under 42 U.S.C. § 1983, as well as state law claims for malicious prosecution and defamation. Having so construed the Complaint, this Court will address the issues raised in the Motions to Dismiss.

## I.    Service of Process

The first issue raised by the defendants in their Motions seeks dismissal of the Complaint as having not been properly served upon them. Inasmuch as the case was removed from the state circuit court, service of process must be made in accordance with Rule 4 of the ***West Virginia Rules of Civil Procedure***. Under Rule 4(d)(1), service of process may be made by the "clerk sending a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee."

There can be no question that the plaintiff's attempts at service of process did not comply with this Rule. In this case, the plaintiff personally sent copies of the summons and Complaint to each of the defendants by certified mail, return receipt requested, but did not restrict delivery to the defendants.

In a case such as this, where the defendants are within the State and amenable to proper service of process, a district court is not required to dismiss the complaint, but may rather quash the service of process. ***Bailey v. Boilermakers Local 667***, 480 F.Supp. 274, 278 (N.D. W.Va. 1979) ("If the first service of process is ineffective, a motion to dismiss

should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service. *Stern v. Beer*, 200 F.2d 794 (6th Cir. 1952); *Buck v. Union Trustees of Plumbers and Pipefitters National Pension Fund*, 70 F.R.D. 530 (E.D.Tenn.1976")).

In this case, given that the plaintiff is proceeding *pro se*, service was attempted in good faith, each of the defendants has timely notice of the action, and the defendants can demonstrate no prejudice, it would appear to be waste of time and resources to quash service and delay the progress of this action for a period of time, just to be back at this point some time in the future. As noted in Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1354, "[s]ome federal courts have gone further and denied a motion under 12(b)(5) when there has been substantial compliance with Rule 4, the mistake was innocent, and the defendant was not prejudiced," citing *Crane v. Battelle*, 127 F.R.D. 174 (S.D. Cal. 1989) and *Hawkins v. Department of Mental Health*, 89 F.R.D. 127 (W.D. Mich. 1981).

In *Hawkins*, the district judge stated that "[i]n considering the motion to quash for defects in process and insufficiency of process, this Court must look to whether or not there has been any material prejudice to any substantial rights of the complaining defendant. . . . In 1947, Chief Judge Parker [of the Fourth Circuit] issued the following admonition to all litigants appearing in his court, advice which this Court believes all parties hereto should take to heart and heed very seriously in proceeding with this case:

> ... A suit at law is not a children's game, but a serious effort on the part of
> adult human beings to administer justice; and the purpose of process is to

bring parties into court. If it names them in such terms that every intelligent person understands who is meant, as is the case here, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else. *United States v. A. H. Fischer*, 162 F.2d 872, 873 (4th Cir. 1947).

The *Hawkins* court then stated:

It is clear from the record in this case that the Michigan Department of Civil Service Hearings Examiner, as identified in the plaintiff's second amended complaint, is aware of the pendency of the action brought by the plaintiff. The Attorney General of the State of Michigan, as counsel for the various departments of the government of the State of Michigan, is aware of the pendency of these proceedings also. Accordingly, the defendant cannot seriously contend that there has been a material prejudice to some substantial right, for plaintiff's service of process has accomplished that which it was intended to do, viz., afford the defendants notice of the pendency of this action against them. And the record reflects that a United States Marshal delivered a summons and complaint on February 7, 1980, to the Detroit regional office of the Department of Civil Service. In light of the foregoing, it is this Court's opinion that a quashing of the service of process either on the grounds of failure to furnish defendant with adequate process (the Rule 12(b)(4) motion) or failure to furnish defendant with sufficient service of process (the Rule 12(b)(5) motion) would be an unjust delay of

these proceedings. All parties know who all the parties hereto are, and there is no reason to delay this case any further for the reasons asserted by the defendant in the motion to quash.

89 F.R.D. at 128-29.

In accord with *Hawkins* are *Young's Trading Co. v. Fancy Import, Inc.*, 222 F.R.D. 341 (W.D. Tenn. 2004); *Crane v. Battelle*, 127 F.R.D. 174 (S.D. Cal. 1989), *Dodson v. U.S. Army Finance & Accounting Center*, 636 F.Supp. 894 (S.D. Ind. 1986); *Norling v. Valley Contracting and Pre-Mix*, 773 F.Supp. 186 (D. N.D. 1991); *Garrison v. United States*, 688 F.Supp. 1469 (D. Nev. 1988); *Cresswell v. Walt Disney Productions*, 677 F.Supp. 284 (M.D. Pa. 1987); *Miree v. United Stqtes*, 490 F.Supp. 768 (N.D. Ga. 1980); *Matter of Hickey*, 58 B.R. 106 (Bkrtcy. S.D. Ohio 1986); *Johnson v. Medical Dept.*, 2004 WL 758339 (D. Del. March 31, 2004); *Bisq'ettes Ceramic Tile, Inc. v. Skinner*, 2000 WL 33375409 (N.D. Cal. Sept. 25, 2000).

For the reasons stated above, this Court will deny the Motions on the ground of sufficiency of process.

**II.    Immunity - Failure to plead only seeking insurance recovery**.

The defendants next contend that the are immune from liability from monetary damages under Article VI, § 35 of the West Virginia Constitution. The defendants admit that an exception to that immunity exists if the recovery is sought, not from state coffers, but rather from an applicable insurance policy, but note that the West Virginia Supreme Court held that, in such a case, the plaintiffs must so assert in his or her complaint, citing *Parkulo v. West Virginia Bd. Of Probation and Parole*, 199 W.Va. 161, 483, 483 S.E.2d

507 (1996).

While **Parkulo** may have set forth a rule of pleading for the state courts, it cannot determine the rules for pleading in Federal court. To the extent necessary, this Court will construe the *pro se* Complaint as seeking funds only to the extent of the State's insurance.

In addition, a suit under 42 U.S.C. § 1983 is an action against the defendants in their individual capacity, which is not affected by the State's constitutional immunity.

Furthermore, as was noted by the West Virginia Supreme Court in **Kerns v. Bucklew**, 178 W.Va. 8, 357 S.E.2d 750 (1987), the Supremacy Clause of the United States Constitution, Art. VI, cl. 2, overrides the State constitution with respect to laws enacted pursuant to the authority of the Fourteenth Amendment.

This action will not be dismissed on this ground.

## III.    Absolute Immunity

The defendants next contend that they are entitled to absolute immunity under **West Virginia Code** § 29-12-5. As noted above, the State's immunity is waived to the extent of applicable insurance coverage. In addition, an action under 42 U.S.C. § 1983 is an action against state officers in their individual capacity.

This action will not be dismissed on this ground.

## IV.    Qualified immunity.

Defendants Valentino and Jezorio next contend that they are entitled to qualified immunity for acting in a discretionary manner. "The inquiry into whether a defendant can assert qualified immunity proceeds in two steps. First, the court must determine if the pleaded facts demonstrate that the defendant's conduct violated a constitutional right.

*Ridpath* [*v. Bd. of Governors Marshall Univ*, 447 F.3d 292, 306 (4th Cir. 2006)]. If the facts do not establish the violation of a right, qualified immunity will apply, and the motion to dismiss on that basis should be granted. If a violation is established, "the next, sequential step is to ask whether the right was clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001)." *Blankenship v. Manchin*, 471 F.3d 523 (4th Cir. 2006).

In this case, the pleaded facts, taken as true, demonstrate that the defendants violated the plaintiff's constitutional rights. By threatening the plaintiff with prosecution after the Circuit Court of Pocahontas County found that he was legally entitled to carry on his activities in caring for abandoned and needy animals, the defendants violated the plaintiff's due process rights. Turning to the issue of whether the right was clearly established, the fact that a court of law acting within its jurisdiction had found that the plaintiff was entitled to carry on his activities clearly established that right.

Accordingly, defendants Valentino and Jezioro are not entitled to the protection of qualified immunity.

**V.     Failure to provide pre-suit notice.**

The defendants contend that this action must be dismissed due to the plaintiff's failure to provide pre-suit notice as required by *West Virginia Code* § 55-17-3(a)(1). That provision reads as follows:

> Notwithstanding any provision of law to the contrary, at least thirty days prior to the institution of an action against a government agency, the complaining party or parties must provide the chief officer of the government agency and the Attorney General written notice, by certified mail, return receipt

requested, of the alleged claim and the relief desired. Upon receipt, the chief officer of the government agency shall forthwith forward a copy of the notice to the President of the Senate and the Speaker of the House of Delegates. The provisions of this subdivision do not apply in actions seeking injunctive relief where the court finds that irreparable harm would have occurred if the institution of the action was delayed by the provisions of this subsection.

In order to properly construe this action, reference must be made to **West Virginia Code** § 55-17-2(2), which defines "government agency" as "a constitutional officer or other public official named as a defendant or respondent *in his or her official capacity*, or a department, division, bureau, board, commission or other agency or instrumentality within the executive branch of state government that has the capacity to sue or be sued." (emphasis added).

Inasmuch as this Court has construed this action to be against the defendants in their individual capacities, the above-referenced statute has no application in this case.[2]

Accordingly, this case will not be dismissed on this ground.

## VI.    Statute of Limitations

The defendants next contend that certain allegations of the Complaint must be dismissed under the applicable statute of limitations. In this Court, the statute of limitations applicable to an action under 42 U.S.C. § 1983 is two (2) years. **McCausland v. Mason County Bd. of Ed.**, 649 F.2d 278 (4th Cir.), *cert. denied*, 454 U.S. 1098 (1981). In

---

[2] This Court also notes that **West Virginia Code** § 55-17-3 does not apply to cases in Federal court. *See **W.Va. Code** § 55-17-2(1).

addition, the limitations period for action for defamation and malicious prosecution is one year. ***Snodgrass v. Sisson's Mobile Home Sales, Inc.***, 161 W.Va. 588, 244 S.E.2d 321 (1978).

An application of the statutes of limitation to the allegations requires that some of the allegations be dismissed. The claims based upon the allegedly illegal searches set forth in paragraphs 6, 7, 8, 9, 10, 11, and 13 must be dismissed. The allegations of malicious prosecution set forth in paragraphs 12 and 15 will not be dismissed, inasmuch as the statute of limitations for malicious prosecution does not begin to run until the termination of action alleged to have been maliciously prosecuted. ***Preiser v. MacQueen***, 177 W.Va. 273, 352 S.E.2d 22 (1985). The remaining allegations are within the applicable limitation periods.

**VII.    Punitive Damages**

The defendants' final argument is that the plaintiff's claim for punitive damages is barred by ***West Virginia Code*** § 55-17-4(3), which provides that "no government agency may be ordered to pay punitive damages in any action." As noted above, by virtue of the definition of "governmental agency in § 77-17-2(2), the statute has no application to actions brought against the defendants in their individual capacity.

Accordingly, the claim for punitive damages will not be dismissed.

**Conclusion**

For the reasons stated above, the Motion to Dismiss filed by defendant William Valentino (Doc. 4), the Motion to Dismiss filed by defendant Frank Jezioro (Doc. 6), and the Motion to Dismiss filed by defendants Mike Pizzino, Howard Shinaberry, and Sean Duffield

(Doc. 8) will be **GRANTED IN PART AND DENIED IN PART**.

The claims based upon the allegedly illegal searches set forth in paragraphs 6, 7, 8, 9, 10, 11, and 13 are hereby **DISMISSED**.  In light of this ruling, defendants Mike Pizzino and Howard Shinaberry are **DISMISSED** from this action.  In all other respects, the Motions to Dismiss are **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to the *pro se* plaintiff.

**DATED**: November 13, 2008.


JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE